(Pleito No. 194.—Fallado el 21 de Mayo de 1902.)

CAJIGAS contra VIDAL.

RECURSO contra sentencia dictada por la Corte de Distrito de Mayagüez.

1.—RECURSO. Si bien la sentencia, en una cuestión incidental, mandando alzar un embargo preventivo, con costas, daños y perjuicios al que lo solicitó y obtuvo, no termina el pleito principal, ni impide su continuación, esto no obstante, en cuanto por ella se resuelve definitivamente sobre la condenación al pago de los daños y perjuicios es definitiva á los efectos del recurso de casación, puesto que sobre aquel extremo substan-

cial termina el pleito definitivamente é impide que sobre el mismo objeto pueda promoverse después un nuevo juicio.

2.—SENTENCIAS.   Las sentencias deben ser claras, precisas y congruentes con las demandas y con las demás pretensiones deducidas oportunamente en el pleito, haciendo las declaraciones que éstas exijan, condenando ó absolviendo al demandado y decidiendo todos los puntos litigiosos que hayan sido objeto del debate.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y uno de Mayo de mil novecientos dos, en los autos seguidos en el Tribunal del Distrito de Mayagüez sobre oposición al embargo preventivo decretado á instancia de Don José Cajigas sobre los bienes de la sucesión de Don Rosendo Prats y Freixas, pendientes ante Nos á virtud del recurso de casación por infracción de ley, interpuesto por la representación de Don José Cajigas que ha sido representado y defendido en este Tribunal Supremo por su abogado defensor Don Antonio Alvarez Nava, habiendo llevado la representación de las recurridas Doña Rosa Vidal y Doña Esperanza Prats de Casanova su abogado defensor Don Rafael Palacios y Rodríguez.—Resultando:   Que presentado escrito por Don José Cajigas en doce de Julio de mil novecientos al Tribunal de Distrito de Mayagüez solicitando embargo preventivo sobre los bienes de la sucesión de Don Rosendo Prats y Freixas para garantirle el pago de cuatro mil quinientos ochenta y un pesos provinciales que le era en deber, procedentes de varios pagarés expedidos á la orden del promovente por el difunto Prats, fundado en que según noticias que estimaba fidedignas había motivos racionales para creer que los deudores ocultarían ó malbaratarían sus bienes en perjuicio de su derecho, el Tribunal por auto de diez y seis del mismo mes decretó el embargo solicitado de cuenta y riesgo del promovente Don José Cajigas, que se hizo efectivo en cinco fincas rústicas de la propiedad del deudor, una de ellas de cien cuerdas de terreno á pastos y malezas, con palmas de cocos, radicada en el barrio de "Algarrobo", del término municipal de Mayagüez, con su casa habitación techada de

tejas de barro, un ranchón de madera, cubierto de zinc, con cinco baticiones, un alambique de cobre de cabezote, serpentina, con sus tanques correspondientes, y una máquina de vapor con sus motores y demás accesorios, y las otras cuatro de menor extensión, las que se depositaron en poder de la viuda del finado, Doña Rosa Vidal.—Resultando: Que notificado el embargo á los deudores, presentó escrito el Abogado Don Luis Campillo y Abrahams á nombre de Doña Rosa Vidal y de Doña Leocadia Esperanza Prats de Casanova, herederas de Don Rosendo Prats, como su viuda é hija respectivamente, oponiéndose y pidiendo se decretara su alzamiento y se condenara en las costas, daños y perjuicios al promovente Don José Cajigas, exponiendo entre otras alegaciones, que el embargo no se hallaba comprendido en ninguno de los casos del artículo 1,398 de la Ley de Enjuiciamiento Civil, y que no era cierto que existieran motivos para temer que trataran de ocultar sus bienes en daño de sus acreedores; y formado el oportuno incidente, se confirió traslado de la demanda de oposición á Don José Cajigas, que lo evacuó, alegando la excepción de falta de personalidad de las opositoras Doña Rosa Vidal y Doña Esperanza Prats de Casanova, porque no constituían por sí solas la sucesión de Don Rosendo Prats ni tenían poderes para representarla, é insistiendo en la certeza de los motivos que había alegado para pedir el embargo, concluyó solicitando se declarara en definitiva que las opositoras Doña Rosa Vidal y Doña Esperanza Prats de Casanova carecían de personalidad para oponerse al embargo preventivo, ó que por falta de acción se declarara sin lugar la oposición establecida, dejando subsistente dicho embargo, y condenando en uno ú otro caso á las opositoras al pago de las costas del incidente.—Resultando: Que abierto á pruebas el pleito, se practicaron las propuestas por ambas partes, y celebrado el juicio oral dictó sentencia el Tribunal del Distrito de Mayagüez en once de Mayo del año próximo pasado, declarando con lugar la demanda, y dejando en su consecuencia sin efecto el

embargo preventivo decretado á instancia de Don José Cajigas contra los bienes de la sucesión de Don Rosendo Prats, á cuya libre disposición quedarían, imponiéndose las costas al demandado Cajigas, quien deberá indemnizar los daños y perjuicios ocasionados con motivo del referido embargo.—Resultando : Que contra esta sentencia se interpuso por el Abogado Don Francisco Pelegrí y Rotger, á nombre de Don José Cajigas, recurso de casación por infracción de ley, que le fué admitido, y elevados los autos á esta superioridad, donde comparecieron las partes, lo formalizó el Abogado Don Antonio Alvarez Nava, en representación del recurrente, como comprendido en los casos 1, 3 y 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, y citando como infringidos :—1? El artículo 358 de la misma Ley de Enjuiciamiento por su no aplicación, puesto que la sentencia recurrida, en oposición á lo que en aquél se determina, no es precisa ni congruente con lo solicitado en la demanda, ni con las pretensiones deducidas oportunamente en el escrito de contestación á la misma, acerca de las cuales no hace las declaraciones exigidas; en la demanda sólo se pide que se deje sin efecto el embargo y en la sentencia se dispone además que los bienes embargados se dejen á la libre disposición de la sucesión de Don Rosendo Prats; en el escrito de contestación se impugna la personalidad de Doña Rosa Vidal y de Doña Leocadia Esperanza de Prats, y en la sentencia no se resuelve ni aparece declaración alguna respecto de dicha personalidad.—2? También por su no aplicación el artículo 60 del Código Civil, por cuanto, en contra de lo que en el mismo se determina, se admitió en juicio á Doña Leocadia Esperanza de Prats sin estar representada, ni autorizada por su legítimo esposo Don Miguel Casanova. —3? Se han infringido asimismo por su no aplicación los artículos 1,218 del Código Civil y 597 de la Ley de Enjuiciamiento Civil, por no conceder valor y eficacia á los documentos presentados, incurriendo por tal motivo el Tribunal sentenciador en verdadero error de hecho en la apreciación

de la prueba, pues de dichos documentos resulta justificado de un modo evidente que los bienes de la sucesión de Don Rosendo Prats no habían sido inventariados, según se afirma y consigna en la sentencia, cuando se solicitó el embargo preventivo; además, de toda la prueba practicada aparece que dichos bienes se hallaban completamente abandonados, pues la viuda Doña Rosa Vidal, que había renunciado el cargo de depositaria de los mismos, no se cuidaba de ellos; siendo por tal motivo lógico el temor de que se malbaratasen ó desapareciesen dichos bienes; no precisamente por venta ó traspaso á un tercero, único caso que supone la sentencia, sino más bien por sustracción de unos y menoscabo y destrucción de otros.—4° Últimamente se ha infringido el artículo 1,414 de la Ley de Enjuiciamiento Civil por su aplicación errónea é indebida, puesto que, habiendo acompañado al escrito solicitando el embargo preventivo, documento del que resultaba la existencia de la deuda, y existiendo motivo racional para temer que pudieran desaparecer ó malbaratarse los bienes embargados, se hallaba el embargo dentro de los requisitos que exige el artículo 1,398 de la citada Ley de Enjuiciamiento Civil, el cual ha sido también infringido por su no aplicación.—Resultando: Que sustanciado el recurso, se celebró la vista del mismo, á cuyo acto concurrieron los abogados defensores de las partes, que sostuvieran sus respectivas conclusiones.—Visto: Siendo Ponente el Presidente del Tribunal Don José S. Quiñones.—Considerando: Que si bien la sentencia que declara con lugar la demanda de oposición á un embargo preventivo y dispone se alce el embargo condenando en las costas, daños y perjuicios al que lo solicitó y obtuvo, no termina el pleito principal, ni impide su continuación, esto no obstante, en cuanto por ella se resuelve definitivamente sobre la condenación al pago de los daños y perjuicios es definitiva á los efectos del recurso de casación, como comprendida en el número 1 del artículo 1,688 de la Ley de Enjuiciamiento Civil, puesto que sobre aquel extremo sustancial termina el pleito definitivamente

é impide que sobre el mismo objeto pueda promoverse después un nuevo juicio.—Considerando: Que propuesta por la representación de Don José Cajigas, en su escrito de contestación á la demanda, la excepción de falta de personalidad de las promoventes Doña Rosa Vidal y Doña Esperanza Prats de Casanova, por no asumir ellas solas la representación de todos los herederos del difunto Don Rosendo Prats, ni tener poder de los demás para representarlos, esta excepción debió ser resuelta previamente, en la forma que determina la sección 62 de la Orden General número 118, y no habiéndolo estimado procedente el Tribunal sentenciador por algún motivo en la sentencia definitiva de una manera expresa y terminante, en cumplimiento del precepto que contiene el artículo 358 de la Ley de Enjuiciamiento Civil, de que "las "sentencias deben ser claras, precisas y congruentes con las "demandas y con las demás pretensiones deducidas oportu- "namente en el pleito, haciendo las declaraciones que éstas "exijan, condenando ó absolviendo al demandado y deci- "diendo todos los puntos litigiosos que hayan sido objeto "del debate;" y no habiéndolo hecho así el Tribunal sentenciador, ha infringido el citado artículo é incurrido en el error de derecho á que se refiere el caso 3º del artículo 1,690 de la Ley de Enjuiciamiento Civil, en que se fundó el primer motivo del recurso.—Considerando: Que estimado éste con lugar, en cuanto al motivo expresado, huelga dictar resolución sobre los demás motivos alegados, y que se refieren al fondo del asunto.—Fallamos: Que debemos declarar y declaramos con lugar el recurso de casación por infracción de ley interpuesto por la representación de Don José Cajigas contra la expresada sentencia del Tribunal del Distrito de Mayagüez, la cual casamos y anulamos, sin especial condenación de costas. Y con certificación de la presente sentencia y de la que á continuación se dicta, comuníquese á dicho Tribunal, con devolución de los autos que ha remitido, á los fines consiguientes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José M. Figueras.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Presidente del Tribunal Supremo Don José S. Quiñones, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á veinte y uno de Mayo de mil novecientos dos.— Antonio F. Castro, *Secretario.*